UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS ASEFA,

    Defendant.

Case No. 2:22-cr-222(5)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Thomas Asefa's Motion to Sever. (Mot., ECF No. 160.) For the reasons below, Thomas Asefa's Motion is **DENIED**.

I.    BACKGROUND

In December 2023, the Government charged Defendant Thomas Asefa by a Second Superseding Indictment with obstruction of justice. (ECF No. 97.) The Government named Kflegewerges Abate, Abubakarr Savage, and Teddy Asefa as co-defendants in the same Second Superseding Indictment and charged them with conspiracy to distribute controlled substances, possession with intent to distribute, wire fraud, and firearms offenses. (*Id.*)

The new charges alleges that Abate, Savage, and Teddy Asefa, among others not named, were members of a criminal organization known as the Third World Mob that illegally trafficked various controlled substances including marijuana, methamphetamine, and cocaine. (*Id.* at PageID 405.) Defendants Thomas and Teddy Asefa are brothers, but Thomas Asefa is not alleged to be a member of the Third World Mob. (*See id.*)

On November 1, 2022, several members of the Third World Mob, including Teddy Asefa, were arrested by federal law enforcement. (ECF No. 97, PageID 410–11; Opp., PageID

1

902.) On November 3, 2022, law enforcement conducted a traffic stop of Thomas Asefa—Teddy Asefa's brother. (*Id.* at PageID 411; Opp., PageID 902.) During that traffic stop, law enforcement discovered a suitcase containing $55,000. (*Id.*) The Government alleges that Thomas Asefa transported the $55,000 to conceal evidence and obstruct the criminal prosecution of his brother. (*Id.* at PageID 411, 413.)

To support this theory, the Government alleges that after his arrest, Teddy called his girlfriend Ciere Robinson and Thomas Asefa on a jail call. (Opp., PageID 902.) During that call, the Government states that Teddy told Thomas to bring a bag to pick up something from the apartment of Ciere Robinson. (*Id.*) Law enforcement then surveilled Thomas Asefa as he traveled to Ciere Robinson's apartment, collected $55,0000 into a suitcase, and drove away before being stopped by law enforcement. (*Id.*) As a result, both Teddy and Thomas Asefa were charged under Count Seven with obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 2. (ECF No. 97, PageID 413.) The Government contends that the $55,000 belonged to Teddy Asefa and was acquired in furtherance of the drug trafficking conspiracy. (*Id.*)

A jury trial is set to commence on August 5, 2024. (ECF No. 115.) Thomas Asefa, however, moved to sever his case for trial from that of his co-defendants, or in the alternative, to sever Count Seven such that Thomas and Teddy Asefa would be tried together on Count Seven only. (Mot., ECF No. 160.) The Government opposed that Motion (Opp., ECF No. 168), and Thomas Asefa replied in support of his Motion (Reply, ECF No. 169).

II.     ANALYSIS

Federal Rules of Criminal Procedure 8(b) and 14(a) govern the joinder and severance of defendants for trial. Rule 8(b) provides that defendants may be charged together in an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of

2

acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). It also explains that defendants "may be charged in one or more counts together or separately," and "need not be charged in each count." *Id.* Rule 14(a) provides that if joinder of defendants in an indictment "appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

While a court may order severance, the Sixth Circuit has noted that "severance is not the norm." *United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020). Joint trials are generally favored because they are more efficient, there is one set of evidentiary admissions for all defendants at once, and there is a decreased risk of inconsistent verdicts. *Id.* (citations omitted); *see United States v. Lane*, 474 U.S. 438, 449 (1986) ("The Court has long recognized that joint trials 'conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.'") (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)); *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004) ("a strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts") (citations omitted). Moreover "juries are presumed capable of sorting evidence and considering separately each count and each defendant." *United States v. Welch*, 97 F.3d 142, 147 (6th Cir. 1996).

Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). For example, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* (citations omitted). "Risk of prejudice may arise from what has been termed the 'spillover effect,' which

3

describes the risk that a jury will convict a defendant 'not on the basis of evidence relating to [him] but by imputing to [him] guilt based on the activities of the other set of conspirators.'" *United States v. Allder*, No. 2:20-cr-0126(6), 2021 U.S. Dist. LEXIS 115931, at *6 (S.D. Ohio June 22, 2021) (Marbley, J.) (quoting *United States v. Gallo*, 763 F.2d 1504, 1526 (6th Cir. 1985)).

Thomas Asefa asks this Court to sever his trial from that of his co-defendants in part because of the spillover effect. Mr. Asefa points to several ways in which he may incur prejudice from the spillover effect if he is tried jointly with his co-defendants. First, he explains that his co-defendants are all accused of being members of the Third World Mob and participating in a decade long violent conspiracy to distribute controlled substances. (Mot., PageID 888–89.) Mr. Asefa, however, is not a member of the Third World Mob and is not implicated in the drug trafficking charges. (*Id.*) He argues that the discrepancy in charges between his co-defendants—who face many charges of drug distribution, drug trafficking conspiracy, and firearms offenses—and his sole charge of obstruction of justice, warrants severance. (*Id.* at PageID 888.) The Government also intends to introduce evidence that his co-defendants used firearms to carry out violent crimes in connection with the conspiracy. (*Id.*) Inflammatory evidence of violence may spillover onto Mr. Asefa and color the jury's perception of him. (*Id.* at PageID 889.)

The risk of a spillover depends on "whether the number of conspiracies and coconspirators involved were too great for the jury to give each defendant the separate and individual consideration of the evidence against him to which he was entitled." *Allder*, 2021 U.S. Dist. LEXIS 115931, at 7 (citing *Gallo*, 763 F.2d at 1527). Here, there is only one conspiracy related to drug trafficking, which does not involve Thomas Asefa. A single conspiracy is not so numerous as to cause confusion or create a significant risk of prejudice to Thomas Asefa. *Allder*,

4

2021 U.S. Dist LEXIS 115931, at *7 ("two schemes are not so numerous as to cause confusion or create a significant risk of prejudice").

Thomas Asefa also argues that his familial relationship to co-defendant Teddy Asefa unduly prejudices him in the eyes of the jury. (Mot., PageID 889.) To support his position, he cites *United States v. Harrison*, No. 3:20-cr-105, 2021 U.S. Dist. LEXIS 86358, at *3–4 (S.D. Ohio May 5, 2021) (Newman, J.). There, the Court granted the defendant's motion to sever where there was an impermissible danger that the jury would impute guilt upon the defendant after hearing substantial evidence about the alleged misconduct of his stepson and co-defendant. (*Id.*) Even with a limiting instruction, the Court explained the danger that the defendant would be convicted based on a theory of guilt by association warranted separate trials. (*Id.*)

The Government explains that the jury will hear evidence about Thomas's brother, Teddy Asefa, whether the trial is together or separate. (Opp., PageID 908.) Even if a severance were granted, the Government would need to put forth evidence of Teddy Asefa's role in the drug trafficking conspiracy, to show how and why Thomas Asefa obstructed the federal investigation and prosecution of Teddy Asefa. (*Id.*) The Government explains that the same witnesses who will testify about Teddy's drug dealing activity will also testify about Thomas's knowledge of it. (*Id.*) Thus, the charges against Thomas Asefa are logically interrelated and involve overlapping proof to the charges brought against his co-defendants. (*Id.* at PageID 904.)

But Mr. Asefa counters that the Government will also put on multiple weeks of evidence that shows his co-defendants, one of whom is his brother, "are members of a violent street gang that carried out a single, decade-long conspiracy involving drugs, guns, and death." (Reply, PageID 912.) Since the Government does not allege that Thomas was a member of the Third

5

World Mob, Thomas argues that this inflammatory evidence is irrelevant and unfairly prejudicial to him. (*Id.*; *see also* Mot., PageID 888.)

Of course, the Government must put forth additional evidence against the other co-defendants because they are charged with additional misconduct, but this alone does not require a severance. *See, e.g.*, *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) ("[S]everance is not required if some evidence is admissible against some defendants and not others."). While the Court is sympathetic to Thomas Asefa's consternation about being tried alongside defendants who engaged in a drug trafficking conspiracy involving firearms and violence, his concern is insufficient to overcome the presumption that the jury can sort through the evidence, assign it the proper weight, and attach it to the correct defendant. *United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (citing *Welch*, 97 F.3d at 147). To cure any jury confusion or potential prejudice, the Court will issue an instruction advising the jurors of their responsibility to consider each defendant separately, which the jury is presumed to follow. *See Bruton*, 391 U.S. at 137.

Although the Court is sympathetic to Mr. Asefa, even if there was a risk of some prejudice to him from sitting through a trial about a conspiracy that he was not a part of, that potential prejudice must be balanced against the need for speedy and efficient trials. *Davis*, 809 F.2d at 1207. Since the evidence necessary to prove the Government's case against Mr. Asefa overlaps with the evidence necessary in the case against his co-defendants, a joint trial would best serve judicial economy and the speedy trial rights of all defendants. The Court lacks any reason to believe that a curative instruction will be insufficient to protect Mr. Asefa against any spillover prejudice. Accordingly, the Court declines to exercise its discretion under Rule 14 of

the Federal Rules of Criminal Procedure to sever Thomas Asefa from his co-defendants, or in the alternative, to sever Count Seven.

### III. CONCLUSION

Mr. Asefa's Motion to Sever is **DENIED**. (ECF No. 160.) This case is set for a jury trial to begin on August 5, 2024. (*See* ECF No. 115.)

**IT IS SO ORDERED.**

<u>**6/24/2024**</u>                                                                  <u>**s/Edmund A. Sargus, Jr.**</u>
**DATE**                                                                                 **EDMUND A. SARGUS, JR.**
                                                                                              **UNITED STATES DISTRICT JUDGE**